UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE ANTONIO CARRION, | ) | CASE NO. 1:10 CV 872 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ORIANA HOUSE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On March 10, 2010, *pro se* plaintiff, Jose Carrion, filed this action under 42 U.S.C. §1983 against Oriana House, Oriana House Program Administrator Phil Nunez, Oriana House Program Manager Ro-Allen Sinkewich, Oriana House Program Coordinator Reven Lugo, Oriana House Staff Member Jane Doe and John Doe in the Cuyahoga County Court of Common Pleas. The defendants filed a Notice of Removal to Federal Court on April 23, 2010. In the Complaint, plaintiff alleges the defendants failed to promptly mail legal documents to the Ohio Supreme Court resulting in the dismissal of his Petition for a Writ of Habeas Corpus. He seeks monetary damages.

**Background**

Mr. Carrion was convicted in 2000 on two counts of theft with specifications. He was sentenced on June 16, 2000 to two consecutive terms of 4 to 10 years. The court suspended his sentence of imprisonment and placed him on probation for three years. *See Carrion v. Wilson*,

No. 1:04 CV 442 (N.D. Ohio filed Mar. 4, 2004)(Wells, J.)  He was arrested two years later.  He was found to be in violation of his probation and the original sentence of 8 to 20 years was imposed on February 27, 2002.  He filed a Petition for a Writ of Habeas Corpus on March 4, 2004 contesting his conviction.  *See Id.*  The court determined Mr. Carrion procedurally defaulted on his claims and denied the writ.  He was eventually released on parole.

Mr. Carrion was arrested again in 2007 and charged with drug possession.  He pled guilty to the charges and was sentenced on October 29, 2007 to 7 months incarceration, less 175 days jail time credit.  He was also sentenced to a consecutive term of one month incarceration for violation of parole.  His sentence on drug possession was to run to consecutive to the sentence he received for the parole violation.  The sentencing Order did not specify how the new sentences would run with the remaining sentence for theft conviction in 2000.  Post Release Control for up to three years was also part of the sentence.

Mr. Carrion believed he completed his new sentence on January 2, 2008.  The Ohio Parole Board conducted a hearing on January 14, 2008 and determined he should serve a total of 8 months before release on parole.  His projected parole date was set for March 2008.  Mr. Carrion filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court claiming he was being held beyond the expiration of his sentence.  The Ohio Supreme Court granted certiorari on April 9, 2008.  The State of Ohio filed its Return of Writ on April 30, 2008.  Mr. Carrion was released on post release control on May 8, 2008 to the Oriana House Community Corrections and Treatment Center.  Because he was now on post release control, the State filed a Motion to Dismiss Mr. Carrion's Ohio Habeas Corpus Petition as moot.

Pursuant to Rules of Practice for the Ohio Supreme Court, Mr. Carrion's replies to

the Return of Writ and the Motion to Dismiss were due on May 22, 2008 and May 27, 2008 respectively. The day before his reply to the Return of Writ was due, Mr. Carrion handed the mailing to his case worker, Ms. Tomsick, at Oriana House and asked her to mail it. He submitted his reply to the Motion to Dismiss to Reven Lugo's Office on May 23, 2008. Both mailings arrived at the Ohio Supreme Court on May 30, 2008. Because they were received after the filing deadline, they were returned to Mr. Carrion. The Motion to Dismiss was granted by the Ohio Supreme Court on July 9, 2008.

Mr. Carrion was arrested on November 3, 2008 and charged with Burglary and Robbery. He pled guilty to burglary on June 18, 2009 in exchange for the State's agreement to dismiss the robbery charge. He was sentenced on July 24, 2009 to two years incarceration followed by three years of post release control.

Mr. Carrion asserts he was denied Access to the Court, Due Process, and Equal Protection. He states Ms. Lugo failed to mail his material to the Ohio Supreme Court, causing his Petition to be dismissed. He states, "the plaintiff believes that the Defendant Reven Lugo and Jane Doe communicated with each other and maybe with a third party to deprive the plaintiff of U.S. Stamps, Access to the Postal Services, [and] Access to the Court... ." (Compl. at 4.) He further claims that defendants Phil Nunez, Ro-Allen Sinkewich, and John Doe did not appropriately answer his grievances and denied him Due Process and Equal Protection.

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

## I. Access to Courts

Mr. Carrion first asserts that Ms. Lugo and Jane Doe denied him access to the courts. To state a claim for denial of access to the courts, plaintiff must demonstrate he suffered actual injury as a result of this policy. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[1] *Id.* at 355.

In support of the claim of actual injury, Mr. Carrion states his Ohio Habeas Corpus Petition was dismissed because Ms. Lugo did not mail his Response to the State's Motion to Dismiss in a timely manner. He was sentenced to 8 to 20 years incarceration on June 16, 2000. He

---

[1] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

was sentenced to an additional 8 months less 175 days jail time credit on October 29, 2007. Considering only his 2007 sentence, Mr. Carrion determined his incarceration would be completed on January 2, 2008. At that point, he calculated he should begin to serve the post release control portion of his 2007 sentence. The Ohio Parole Board conducted a hearing on January 14, 2008 and determined he should serve a total of 8 months before release on parole. His projected parole date was set for March 2008. Mr. Carrion filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court claiming he was being held beyond the expiration of his sentence and he should be released to serve the Post Release Control portion of his sentence. Had his Petition for a Writ of Habeas Corpus been granted by the Ohio Supreme Court, he would have been released to Post Release Control for a period of up to 3 years as determined by the Ohio Adult Parole Authority. Mr. Carrion was released on Post Release Control on May 8, 2008. The State filed a Motion to Dismiss the Petition for Habeas Corpus as Moot based on his release. Because the State had already granted the relief available through Ohio's habeas corpus, the Ohio Supreme Court granted the State's Motion. Ms. Lugo's alleged failure to mail the response to the State's Motion to Dismiss did not cause an actual injury to Mr. Carrion. He was not denied access to the courts on this basis.

## II. Due Process and Equal Protection

Mr. Carrion further claims that defendants Phil Nunez, Ro-Allen Sinkewich, and John Doe did not appropriately answer his grievances and denied him Due Process. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Moreover, the defendants' alleged failure to follow their own institutional guidelines concerning the processing

of grievances, standing alone, does not implicate due process. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). There is no abstract due process right to due process. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Mr. Carrion provides very few facts to support this claim. He merely indicates the defendants "refuse[ed] to provide verbal and [written] disposition of the appeal of his first grievance ... ." (Compl. at 5.) There is no reasonable suggestion that Mr. Carrion's due process rights were violated by these actions.

In addition, Mr. Carrion asserts that Ms. Lugo, and Jane Doe denied him due process and all of the defendants denied him equal protection. He provides no facts to support these claims. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard of Rule 8 does not require detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Because Mr. Carrion does not allege facts or provide explanation of the basis of these claims, he has not satisfied the pleading requirements of Rule 8.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 May 25, 2010                                s/David D. Dowd, Jr.
Date                                      DAVID D. DOWD, JR.
                                             UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.